(No. 75-CV-219–▮▮▮▮▮)

IN RE APPLICATION OF LERA GORDON.

*Opinion filed April 7, 1976.*

LERA GORDON, Pro Se.

WILLIAM J. SCOTT, Attorney General of Illinois; PAUL WEST, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense which took place on December 29, 1973, at 12004 S. LaSalle Street, Chicago. The victim, Lera Gordon, seeks compensation under the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 70, 71, et seq.) (hereafter referred to as the "Act").

An order was entered by this Court on March 27, 1975, dismissing the claim and the Claimant moved for a hearing under Section 9 of the Act, and the hearing was granted.

The facts are essentially undisputed. The victim was in her car on her way home from shopping when the assailant, Thomas Gordon, Jr., entered her car and shot her twice in the abdomen. The assailant was her estranged husband.

The assailant was indicted for attempted murder and aggravated battery and was at the time of the hearing awaiting trial.

At the time of this brutal attack, the victim had been living separate and apart from her husband for approximately six months. The victim lived with her mother and the assailant lived in the previous marital home of the parties. The child of the parties lived with the victim, Lera Gordon, and the assailant visited the child almost every day. Neither party had, at the time of the crime, instituted any divorce proceedings. The issue presented to this Court is whether a person is entitled to compensation under the Act if that person is related to the assailant but not sharing the same household.

Section 3(e) of the Act states that:

A person is entitled to compensation under the Act if: . . . (e) the victim and his assailant were not related, and sharing the same household;

The legislature, in enacting the Act, severely limited its application. Whether for budgetary or other considerations, the legislature intended to restrict application

to only certain circumstances and only under certain conditions and with limitations as to amount of compensation and items to be considered for compensation. It is our opinion, from the words of Section 3(e) of the Act, that it was the intent of the legislature to deny compensation for injuries arising out of most domestic quarrels. It did not intend that this Court enter into the morass of trying to determine provocation or causes of quarrels between relatives or persons who reside together. Statistically, crimes arising between relatives or persons residing together constitute a large percentage of the total reported violent crimes. The legislature apparently did not intend the State of Illinois to take on the financial burdens involved in compensating victims of domestic quarrels.

From a grammatical standpoint, the comma after the word related in Section 3(e) indicates that *either* a condition of being related to the assailant or a condition of sharing the household of the assailant disqualifies a person from compensation. If the legislature intended that *both* the condition of being related to the assailant and sharing the same household must be present in order to disqualify a person, then the comma would not have been required.

To hold otherwise is also to hold that the legislature intended to pay a victim who shared the household of his assailant although not related to him. This Court cannot agree that such was the intent of the Act.

Although the Court sympathizes with the Claimant in that the attack upon her caused her pecuniary loss as well as great pain and anguish, the Court is compelled to follow what in its opinion is the clear intent of the legislature.

Therefore, the Court finds that no compensation in this claim is authorized under the aforesaid Act and the claim is dismissed.