(No. 91-CV-0021-)

*In re* APPLICATION OF DIANA RAISANEN

*Order filed October 31, 1990.*
*Order filed July 13, 1992.*

DIANA RAISANEN, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER III, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This claim arises out of an incident that occurred on March 15, 1990. Diana Raisanen, mother of the deceased victim, Kimberly Sue Griebe, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on July 3, 1990, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 15, 1990, the Claimant's deceased daughter, Kimberly Sue Griebe, age 25, was the victim of a violent crime as defined in section 72(c) of the Act, to wit, first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1).

2. That the crime occurred in Steger, Illinois.

3. That section 76.1(d) of the Act states that the Claimant is entitled to compensation if the victim and the assailant were not sharing the same household at the time the crime occurred.

4. That the Attorney General's investigation shows that the victim and the assailant were sharing the same household at the time the crime occurred.

5. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## ORDER

PATCHETT, J.

This claim arises as a result of the murder which took place on March 15, 1990. The victim was Kimberly Sue Griebe, who was murdered by her boyfriend. Diana Raisanen, the mother of the deceased victim, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

The Attorney General's Office, after conducting an investigation of this case, concluded that the victim and the assailant were sharing the same household at the time the incident occurred. Based on the results of that investigation, the Court entered an order on October 31, 1990, which denied the claim pursuant to section 76.1(d) of the Act, which at the relevant time of the order entered stated as follows:

"° ° ° if the victim is deceased and the victim and assailant were sharing the same household at the time the crime occurred, no award shall be made." Ill. Rev. Stat. 1987, ch. 70, par. 76.1(d).

On November 9, 1990, Claimant requested a review of the Court's findings. The matter was set for hearing before a commissioner of this Court. At that hearing, it was the position of the Claimant that the victim did not have a permanent full-time residence, but that she shared

the Claimant's residence at 2110 Winston, Crete, Illinois, until January 1990, at which time she had moved to her grandmother's house at 1481 Vincennes in Crete, Illinois. Claimant further testified that the majority of the victim's personal belongings, including clothes and makeup, were at the Vincennes address at the time of the crime.

In support of her position, the Claimant produced the victim's driver's license which was issued on February 28, 1990, and which identified the victim's address as 1481 Vincennes, Crete, Illinois. In addition, the victim's 1989 W-2 tax form was received in January 1990 and bore the victim's address as 2110 Winston, Crete, Illinois.

The Claimant did, however, acknowledge that the victim was having a relationship with the offender, and that she did stay at the assailant's house. In fact, the Claimant's letter to the Court of Claims dated November 7, 1990, in which she requested a review of the hearing, stated that the victim did live with the assailant. The Claimant testified that the victim only spent about one-third of her time at the assailant's residence.

The issue is whether the statute prohibits a victim who lives with the assailant on a part-time basis from receiving an award pursuant to the Act.

This Court has consistently ruled that it was the intent of the legislature to deny compensation for injuries arising out of most domestic quarrels. The legislature did not intend that this Court enter into the morass of trying to determine provocation or causes of quarrels between relatives or other people who live together. This Court has reasoned that crimes among relatives constitute a large percentage of the total number of reported violent crimes, and the legislature did not intend for the State of Illinois to take on the financial burden of compensating

victims of domestic quarrels. (*In re Application of Gordon* (1976), 31 Ill. Ct. Cl. 707, 709.) Clearly the legislature intended to deny compensation in situations where the victim and assailant lived together, even if that was on a part-time basis. While we sympathize with the Claimant because of the enormous emotional pain and anguish caused by this crime, we must follow the intent of the legislature.

We therefore affirm our previous order of denial.